EVANS et al. v. STIVERS LUMBER CO., Inc.

No. 408.

District Court, E. D. Tennessee, S. D.

Sept. 29, 1942.

J. Frank Melton and Prince & Peterson, all of Cleveland, Tenn., for plaintiffs.

Mayfield & Mayfield, of Cleveland, Tenn., for defendant.

DARR, District Judge.

The suit is brought under the wage and hour provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 206, 207. The questions are raised on the defendant's motion to dismiss.

I think the first ground of the motion would be properly termed a motion to dismiss but that the other grounds are by virtue of Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permitting a motion for summary judgment.

■ The first ground of the motion asks a dismissal for the reason that the suit is prosecuted by the plaintiffs on the pauper's oath, and that the attorneys have a beneficial interest in the recovery but have not made bond or filed an oath or otherwise cared for the costs.

Rule 32 of our Local Rules provides for prosecution of suits on the pauper's oath under the statute and has the provision that the oath shall be made by "all other persons, if any, beneficially interested in the recovery sought, including any persons for whose use and benefit the cause is to be prosecuted and any counsel who has undertaken to prosecute the same for a contingent fee depending upon the recovery".

The attorney's fee in this sort of case is provided for by law. I think our Rule contemplates a beneficial interest by contract rather than by operation of law. To hold otherwise would tend to hamper poor persons who might have meritorious claims. Such persons might find it difficult to employ a lawyer who was willing to assume burdens of costs.

For these reasons the first ground of the motion is overruled.

■■ I think that the other grounds of the motion can be divided into two parts:

1. That the suit cannot be maintained because the record discloses that the defendant is a retail establishment, the greater part of whose selling is in intrastate commerce.

2. That the plaintiffs are not such employes as come under the Act.

The defendant has filed a sworn answer and has filed an affidavit in support of the above contentions. The plaintiffs have not filed any affidavits or proof.

(1) The defendant in its answer and by affidavit sets out that some eighty-eight per cent of its business is retail but these statements are conclusions rather than detailing the type business done by the defendant.

The ascertainment of whether a business is a retail establishment is fraught with much difficulties and complications. I think the statement of a litigant that he operates a retail establishment could not be taken as proof. I think that I should hear the proof as to the details of its business before determining this question.

(2) From an examination of the whole record, I am unable to say that there is no issue on the question as to whether the plaintiffs are such employes as come under the Act.

From the whole record, I feel that this case should not be put out on summary judgment but that I should hear the proof.

In making such adjudication, it must be borne in mind that it is my judgment from the examination of the whole record that it does not clearly appear that there are no issues of fact to be determined. The conclusions herein have no bearing on the ultimate decision of the case.

The motion as a whole is overruled.

Order accordingly.